ANNIE D. NELSON *vs.* NARRAGANSETT ELECTRIC LIGHTING CO.

JAMES S. NELSON *vs.* NARRAGANSETT ELECTRIC LIGHTING CO.

JUNE 19, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Negligence. Proximate Cause. Intervening Cause.*

In an action for negligence, the declaration originally alleged that defendant negligently hung an electric-light globe in such close proximity to an overhead trolley-wire of the electric railroad company that the globe was broken by the pole on the car, slipping from the wire as it was going around a curve, striking the globe and thereby causing it to fall. On demurrer, the court held that the case was not within the rule laid down in *Hampson* v. *Taylor*, 15 R. I. 83, as to the combination of two causes of injury, both in their nature proximate, one a defective condition and the other an occurrence for which neither party was responsible, since the slipping of the pole was not an accident, but *prima facie* negligence on the part of the railroad company, and that such negligence, being the independent act of a responsible person, and intervening between the alleged negligence of defendant and the happening of the accident, broke the causal connection between the two, and hence was the proximate cause of the accident, and that the placing of the globe formed only the condition, and not the cause, of the accident. Thereafter the declaration was amended by averments that the trolley-poles were "apt" to "accidentally" slip from the trolley-wire at the curve where the defendant's lamp-post was located, without negligence on the part of the railroad company, and that the defendant knew this:—

*Held*, that, there being no averment that the trolley-pole slipped on the occasion in question without negligence on the part of the railroad company, and there being no facts set forth in the declaration enabling the court to determine whether the slipping at this time was or was not due to any negligence or want of care of the railroad company, that the mere averment that such a pole slipped from its wire "accidentally" was insufficient; that

if the slipping of the pole was due to the negligence or want of care of the railroad company the causal chain was broken, and if the plaintiff sought to hold the defendant liable because it was negligent, while the railroad company was free from negligence, he should state specifically in the declaration such a case.

Trespass on the Case for negligence. Heard on exceptions of plaintiff to the ruling of the Superior Court sustaining demurrer, and exceptions overruled.

Blodgett, J. It is sought in the declarations in these cases to avoid the objections indicated by the court in sustaining the demurrers when the cases were before the court in 26 R. I. 258, by averments that trolley-poles were "apt" to "accidentally" slip from the trolley-wire at the curve where the defendant's lamp-post was located, without negligence on the part of the railroad company, and that the defendant knew this. There is no averment that a trolley-pole slipped on this occasion without negligence on the part of the railroad company, nor are there any facts set forth in the declaration which enable the court to determine whether the slipping at this time was or was not due to any negligence or want of care of the railroad company. The simple averment that such a pole slipped from its wire "accidentally" is insufficient, as was held in the former opinion, in which the meaning of the word was determined for this case. Obviously, if the slipping of the pole was due to the negligence or want of care of the railroad company, the causal chain is broken. If the plaintiffs seek to hold the defendant liable because it was negligent, while the railroad company was free from negligence, they should state specifically in their declarations such a case. This they have not done, and the demurrers must be sustained, the plaintiffs' exceptions overruled, and the cases be remitted to the Superior Court for further proceedings.

*Waterman, Curran & Hunt,* for plaintiffs.
*Vincent, Boss & Barnefield,* for defendant.